**United States District Court**
**Southern District of New York**

---

**UNITED STATES OF AMERICA,**

    - against -

**JUAN CARLOS HERRERA GOMEZ,**

        Defendant.

---

05 Cr. 495-06 (JGK)

MEMORANDUM OPINION AND ORDER

**JOHN G. KOELTL, District Judge:**

In May, 2011, the above-captioned defendant moved pursuant to Rule 41(g) of the Federal Rules of Civil Procedure for a return of his property, specifically $4,705 in currency and various documents. This Court treated the defendant's motion as a civil complaint for equitable relief under Rule 41(g), treated the government's response as an answer and a pre-discovery motion for summary judgment, and held in a November 14, 2011 Memorandum Opinion and Order that the defendant was not entitled to summary judgment with respect to the currency and to any documents that were drug ledgers because those items were forfeited. United States v. Gomez, No. 05 Cr. 495, 2011 WL 5547941, at *1 (S.D.N.Y. Nov. 15, 2011). The Government represented that the remaining documents will be returned to the defendant. Id.

1

The defendant thereafter moved for reconsideration of the Court's November 14, 2011 Order, the forfeiture was procedurally defective.  The motion is **denied**.

**I.**

The standard to be applied to a motion for reconsideration under Local Rule 6.3 is well-established.  It is the same as the standard that was applied under former Local Civil Rule 3(j). See United States v. Letscher, 83 F. Supp. 2d 367, 382 (S.D.N.Y. 1999) (collecting cases).  The moving party is required to demonstrate that "the Court [ ] overlooked controlling decisions or factual matters that were put before it on the underlying motion, and which, had they been considered, might have reasonably altered the result before the court." Vincent v. Money Store, No. 03 Civ. 2876, 2011 WL 5977812, at *1 (S.D.N.Y. Nov. 29, 2011) (citation omitted).

The decision to grant or deny a motion for reconsideration "rests within the sound discretion of the district court." Id. (citation omitted).  The rule "is narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been fully considered by the court." Walsh v. McGee, 918 F. Supp. 107, 110 (S.D.N.Y. 1996) (citation omitted); see also Eaton Vance Mut. Funds Fee Litig., 403 F. Supp. 2d 310, 313

(S.D.N.Y. 2005), aff'd, Bellikoff v. Eaton Vance Corp., 481 F.3d 110 (2d Cir. 2007); Vincent, 2011 WL 5977812, at *1.

**II.**

The defendant argues that, "at a minimum, due process requires that when a person is in the government's custody and detained at a place of its choosing, notice of a pending administrative forfeiture proceeding must be mailed to the detainee at his or her place of confinement." United States v. McGlory, 202 F.3d 664, 674 (3rd Cir. 2000) (en banc); see also Torres v. $36,256.80 U.S. Currency, 25 F.3d 1154, 1161 (2d Cir. 1994) ("Rafael was residing at a place of the government's choosing, not his own. . . . [W]here the mailed notice of forfeiture is returned undelivered, the intended recipient is known by the notifying agency to be in government custody, and the agency fails to take steps to locate him in order to effectuate delivery of the notice, we hold that such notice does not satisfy the requirements of the [21 U.S.C. § 881].").

In response, the Government produced evidence indicating that the Government had given notice by publication, and that the Government had sent a forfeiture notice, which was not returned as undeliverable, to the Metropolitan Detention Center (the "MDC"), Letter of the Government Dated April 19, 2012, Ex. 2, and that the defendant was housed at the MDC at the time the

3

letter was sent, Letter of the Government Dated April 20, 2012, Ex. 1.[1] The defendant contends in response that he never received the notice, and that he did not sign a certified mail receipt.

The Court of Appeals for the Second Circuit has specifically rejected the argument that a return receipt is required in the context of forfeiture notice, and held that notification by first class mail, when combined with publication notice, comports with due process. See Weigner v. City of New York, 852 F.2d 646, 650-51 (2d Cir. 1988). In this case, there was publication notice, and notice by first class mail sent to both the defendant's last known home address, and his place of incarceration. There was no indication that the letter sent to the MDC was undeliverable and the defendant was indeed at the MDC at the time the letter was sent. The forfeiture notice in this case was not procedurally defective.

Accordingly, there has been no showing that the Court overlooked any controlling law or factual decisions that would have reasonably altered the result had they been considered.

---

[1] Both letters are appended to an Order issued by the Court on April 20, 2012. See Order, United States v. Gomez, No. 05 Cr. 495, ECF. No. 218 (S.D.N.Y. Apr. 20, 2012). The Government's submissions also indicate that notice was attempted, but not completed, at the defendant's home address.

## CONCLUSION

The Court has carefully considered all of the parties' arguments. To the extent not specifically addressed above, they are either moot or without merit. For the reasons stated above, the defendants' motion for reconsideration is **denied**.

**SO ORDERED.**
Dated: New York, New York
       May 24, 2012

　　　　　　　　　　　　　　　　　　　　　John G. Koeltl
　　　　　　　　　　　　　　　　　　　　　United States District Judge